## Ex parte WILLIAM DONALDSON.

1. *Practice, Criminal — Indictment — Habeas corpus — Discharge — Construction of statute.*— Section 28, chapter 213, Gen. Stat. 1865, by which a person indicted for any offense is entitled, subject to certain conditions, to be brought to trial before the end of the third term thereafter, was intended to apply to the Circuit Courts in the State exercising criminal jurisdiction, wherein only two terms are held during the year, and not to the Criminal Court of St. Louis county.

2. *Criminal law — Indictment — Continuance, discretion vested in courts in matter of.*— Where, under section 29, chapter 213, Gen. Stat. 1865, a continuance is granted to the State by the court, every inference is to be made in support of its rulings, and courts are bound to believe that the facts existed which, according to law, justified the continuance.

3. *Criminal law — Circuit attorney — Nolle prosequi — Discharge.*—The circuit attorney has the right to enter a *nolle prosequi*, with the assent of the court, at any time before the prisoner is put upon his trial; and there is nothing in such proceeding to prevent the prisoner from being further held amenable.

### Petition for habeas corpus.

*L. M. Shreve*, for petitioner.

*C. P. Johnson*, circuit attorney, and *H. B. Johnson*, attorney-general, for the State.

Under the provision of the statute, sections 28, 29, chapter 213, the prisoner would not be entitled to his discharge until the expiration of the March term, 1869, and such term has not yet

expired. (12 Mo. 592; 14 Mo. 386; 21 Mo. 464; *Ex parte Walton*, 2 Wheat. 501.) The circuit attorney, in criminal proceedings, may, at any time before trial, of his own accord, and at any time before judgment, with the assent of the court, enter a *nolle prosequi*. (1 Whart., 5th ed., 513; Commonwealth v. Wheeler, 2 Mass. 172; Commonwealth v. Briggs, 7 Pick. 179; State v. Lopez, 19 Mo. 254.)

WAGNER, Judge, delivered the opinion of the court.

The petitioner prays for a writ of *habeas corpus*, and states that he is imprisoned and restrained of his liberty in the county jail of St. Louis county by Emile Thomas, the jailer thereof; that he is so detained under and by virtue of an affidavit made by Charles P. Johnson, the circuit attorney, on the 9th day of April, 1869, charging him with the crime of murder, upon which a warrant was issued from the St. Louis Court of Criminal Correction, and upon said warrant he was imprisoned, and is still held in custody. He further states that he was indicted at the July term, 1868, of the St. Louis Criminal Court, by the grand jury of St. Louis county, for the same offense for which he is now again proceeded against; and that on the 14th day of July, 1868, he pleaded not guilty to the said indictment; and that the case was set down for trial on the 30th day of July, and that he announced himself ready for trial, but the State continued the case for the alleged absence of two witnesses, Ray and Glover, and for the same cause continued the case at the September, November, and January terms of said court. At each continuance the petitioner represents that he was ready for trial, and so announced himself, and objected to the cause being continued by the State; that the delay to try the case did not happen on the application of the prisoner, nor was it occasioned by want of time to try the same. The petitioner also states that when the case was continued at the January term, it being on the 20th day of said month, he did, during said term, on the 10th day of February, file a motion in the Criminal Court for his discharge, grounded on the fact that he had not been brought to trial within three terms of said court, exclusive of the term at which he was

indicted; that on the 27th day of February said motion for his discharge was set and called for hearing, at which time he was present, and asked to have said motion heard and the prayer thereof granted, but the court continued the motion over to the next term, for the reason that the circuit attorney was not there; and afterward, at the March term of said court, the motion was argued and submitted to the court, but, before any judgment was rendered thereon, the attorney for the State entered a *nolle prosequi*. The prisoner, therefore, claims that by law he is entitled to the benefit of the writ prayed for, and ought to be discharged.

The issuing of the writ is opposed in this court by the circuit attorney, prosecuting in behalf of the State.

The usual practice where a writ of *habeas corpus* is asked for is to grant it, and hear the arguments on the merits at the return. But the reasons on which the application for discharge is based are agreed upon by the parties, and they have argued the question here in the first instance. Besides, the statute expressly provides that any court or magistrate empowered to grant writs of *habeas corpus* shall grant such writ without delay, unless it appears from the petition itself, or the documents annexed, that the party can neither be discharged, admitted to bail, nor in any other manner relieved. (Gen. Stat. 1865, p. 623, § 5.)

The right of the prisoner to be discharged under this writ is based solely on the ground that, without any fault or hindrance on his part, he was not brought to trial on the indictment found against him by the grand jury at the July term, 1868, before the end of the third term after that in which the indictment was preferred. And the position is now distinctly taken that under the statute, being then entitled to his discharge from the offense of murder, he can not again be lawfully deprived of his liberty for the same offense.

Under the general practice regulating criminal practice throughout the State, provision is made for discharging persons indicted for an offense, where they are committed to prison, at the end of the second term, where the delay has not happened on the appli-

cation of the prisoner. But it seems that in this case the prisoner was admitted to bail, and it must, therefore, if relief is granted, be brought within the provisions of the 28th section of chapter 213 of General Statutes. That section says: "If any person indicted for any offense, and held to answer on bail, shall not be brought to trial before the end of the third term of the court in which the cause is pending, which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happens on his application, or be occasioned by the want of time to try such cause at such third term."

The next succeeding section (section 29) declares: "If, where application is made for the discharge of a defendant under either of the two last sections, the court shall be satisfied that there is material evidence on the part of the State which can not then be had; that reasonable exertions have been made to procure the same, and that there is just ground to believe that such evidence can be had at the succeeding term, the cause may be continued to the next term, and the prisoner remanded or admitted to bail, as the case may require. If the defendant shall not be tried before the end of the term last mentioned, the State shall not be entitled to any further continuances of the case, and the prisoner shall, if he require it, be discharged."

Section 28, above referred to, and under which the right is claimed, is general, and applies to the Circuit Courts in the State exercising criminal jurisdiction. In these courts only two terms are held in the year, at intervals of six months each; and it was reasonably supposed that if the prisoner was not brought to trial within eighteen months in one instance, or within twenty-four months in the other, the prosecution was either frivolous or oppressive, or would ultimately be unavailing. But the Criminal Court in St. Louis is differently organized. It was instituted by special act of the Legislature, and is distinguished from all the courts taking cognizance of criminal proceedings. It has six terms a year, and is in session nearly all the time. If the statute providing for the discharge of persons indicted for crime is applicable to the St. Louis Criminal Court, then a wonderful discrimi-

nation is made in favor of prisoners in St. Louis, and against those in all other parts of the State. When the person is entitled to his discharge in eighteen or twenty-four months in all the remainder of the State, a person in the like situation and under the like circumstances would be entitled to be discharged in St. Louis in the one case in six months, in the other in eight months.

It requires no argument to show that the Legislature never contemplated any such result. It was never intended that there should be any difference in the period or duration of time in respect to liberating persons indicted in the several counties of the State. Indeed, it is apparent that in drawing the statute the mind of the legislator was directed exclusively to the ordinary courts of criminal jurisdiction throughout the State, and that no reference was made to the St. Louis Criminal Court, which was organized specially to meet a required exigency. No provision was made that was intended to comprehend within its scope the St. Louis Criminal Court. This is undoubtedly a defect in the law — a *casus omissus* — but the courts can not supply it by intendment; the legislative power must be invoked to furnish an adequate remedy.

The constitution of the State (article I, § 18) declares that on an indictment the accused has a right to a speedy trial. The statute was intended practically to carry out that right, by prescribing a definite and uniform rule for the government of courts in their practice. Were there no statute on the subject, the courts would have the unquestionable right to intervene, where the delay, oppression, and wrong were palpable. But this is not that case. The construction that we have placed on the twenty-eighth section, excluding the Criminal Court of St. Louis county from its operation, effectually disposes of this application, but there is another question that may be noticed.

The twenty-ninth section provides that if, when application is made for the discharge of a defendant under the preceding sections, the court shall be satisfied that there is material evidence on the part of the State which can not then be had, that reasonable exertions have been made to procure the same, and that there is just ground to believe the evidence can be had, the cause may

be continued to the next term, and the prisoner remanded or admitted to bail. When the term arrived which is designated by this section, the court continued the cause. Every inference is to be made in support of its rulings, and we are bound to believe that the facts existed which, according to law, justified the continuance. It is true, a motion was subsequently made during the same term to discharge the accused, but there is no evidence before us that the continuance was set aside; and, without that being done, the court had no power to act on the motion. Then, before any further steps were taken by the court, the circuit attorney entered a *nolle prosequi*. This he had a right to do, with assent of the court, at any time before the prisoner was put upon his trial. The prisoner never had any judgment of discharge entered in his favor; he was never put in jeopardy, and we can see nothing to prevent his being further held amenable.

With the concurrence of the other judges, the writ will be refused.