# THE STATE v. LEE B. BIRD, Appellant.

### Division Two, March 7, 1921.

1. **INSTRUCTION: Failure to Instruct on All Law of Case.** A request that the court give further instructions covering every phase of the law involved in the murder trial does not alone assign any error for review. It is necessary to go further and designate what specific point of law is not covered by the instructions given.

2. **ARGUMENT TO JURY: Not Preserved in Bill.** Remarks of the prosecuting attorney in his argument to the jury, alleged to have been prejudicial to the defendant in the murder trial, if not preserved in the bill of exceptions, cannot be considered in the appellate court. They cannot be brought to the attention of the court by affidavits and counter affidavits.

3. **STATUTE: Time of Taking Effect: Revised Statutes: Manslaughter.** The Act of May 27, 1919, Laws 1919, page 256 (Secs. 3236 to 3242, R. S. 1919), abolishing all degrees of manslaughter, though enacted at a revising session, was an original act, and not a revision, and consequently, having no emergency clause, went into effect ninety days after its approval, and consequently the court should not have given instructions defining manslaughter in the third and fourth degrees where defendant was charged with having committed murder on October 28, 1919. But still the question remains whether, notwithstanding such instructions were given and defendant was convicted of manslaughter in the third degree, he was prejudiced thereby.

4. **MANSLAUGHTER: Erroneous Instructions: Immaterial.** Notwithstanding the Act of 1919 abolishing all degrees of manslaughter was in force at the time of the homicide, the court submitted the case to the jury on instructions defining murder in the first and second degrees and manslaughter in the third and fourth degrees, under statutes which had been repealed. The jury found the defendant guilty of manslaughter in the third degree and assessed his punishment at three years' imprisonment, and there is no complaint of the punishment authorized by the instructions. *Held*, that the court should not have given instructions on manslaughter in the third or fourth degrees, but should have instructed on manslaughter generally as defined by the new Act of 1919; but the statute (Sec. 4078, R. S. 1919) authorizes a new trial only "when the court has misdirected the jury in a material matter of law," and defendant was not harmed by the giving of these instructions.

286 Mo.—38

5. ————: ————: **Verdict: Offense Unknown to Law: Surplusage.**
Where the statute had abolished all degrees of manslaughter and
the court, nevertheless, submitted the case to the jury on instruc-
tions defining manslaughter in the third and fourth degrees, and
the jury found defendant guilty of manslaughter in the third de-
gree, he was not convicted of an offense unknown to the law, but
the words "in the third degree" have no meaning and may be re-
jected as surplusage, and when so eliminated there remains a ver-
dict convicting defendant of manslaughter.

6. ————: **Case for Jury.** Where the jury may well have found from
the evidence that the defendant, after having been ordered out of
the restaurant where deceased was employed, provoked a quarrel
with him on his own premises, assaulted and beat him over the
head with a revolver, and, when deceased was fleeing from him,
shot him in the back, inflicting a mortal wound, the case of de-
fendant's guilt was one for the jury to decide, and the verdict of
guilty of manslaughter and a punishment of three years' imprison-
ment discloses no passion or prejudice.

Appeal from Jackson Criminal Court.—*Hon. Ralph S.
Latshaw*, Judge.

AFFIRMED.

*Henry L. Jost* and *James P. Aylward* for appellant.

(1) The court erred in giving to the jury, over the
objections of defendant, the instruction on the subject of
manslaughter in the fourth degree. (2) The court erred
in giving instruction to the jury, over the protests and
objections of defendant, on the subject of manslaughter
as defined by the provisions of the Revised Statutes of
1909, for the reason that said statutory provisions re-
lating to the subject of manslaughter were expressly re-
pealed by the Act approved May 27, 1919, appearing in
Laws 1919, page 256. (3) The verdict of the jury, find-
ing defendant guilty of manslaughter in the third de-
gree, was unwarranted under the law and was not and
cannot be a lawful basis and foundation for the sentence
and judgment of the court pronounced and rendered
thereon. (4) It is elementary that a conviction unsanc-

State v. Bird.

tioned by law cannot stand. The act for which the State takes away the liberty of a citizen must be in violation of some existing law. Kelly's Criminal Law & Practice (3 Ed.), sec. 3. Third degree manslaughter, as it formerly existed in Missouri, Secs. 4462, 4463, 4464, 4465, and 4466, R. S. 1909, was expressly repealed in 1919, Laws 1919, p. 256. The alleged homicide in this case occurred October 28, 1919. The trial was begun February 2, 1920. The verdict of the jury was returned February 6, 1920. The defendant was therefore charged, tried, found guilty and sentenced for an alleged crime which he did not and could not under the law commit. For those reasons, the judgment of conviction must be reversed and the cause remanded. Kelly's Criminal Law & Practice (3 Ed.), sec. 3; 16 C. J. 64; Smith v. State, 14 Mo. 147; State v. Brotzer, 245 Mo. 499; State v. Roller, 77 Mo. 120; United States v. Passmore, 4 Dall. 372; Yeaton v. United States, 5 Cranch, 281, 3 L. Ed. 101; United States v. Tynen, 11 Wall. 88; United States v. Reisenger, 128 U. S. 398; People v. San Luis Obispo Bank, 159 Cal. 65, Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934; Keller v. State, 12 Md. 322, 71 Am. Dec. 596 and note; Com. v. Marshall, 11 Pick. (Mass.) 350, 22 Am. Dec. 377 and note; Lindzey v. State, 65 Miss. 542, 7 Am. St. 674; State v. Massey, 103 N. C. 356, 4 L. R. A. 308; State v. Perkins, 141 N. C. 797, 9 L. R. A. (N. S.) 165; In re Kline, 70 Ohio St. 25, 1 Ann. Cas. 219, and note; Ex parte Larkin, 1 Okla. 53, 11 L. R. A. 418; State v. Addington, 2 Bailey L. (S. C.) 516, 23 Am. Dec. 150; Wharton v. State, 5 Cold. (Tenn.) 1, 94 Am. Dec. 214; Wall v. State, 18 Tex. 682, 70 Am. Dec. 302 and note.

*Frank W. McAllister*, Attorney-General, and *Lewis H. Cook*, Assistant Attorney-General, for respondent.

(1) Instructions presenting all the evidential facts constitutive of the offense charged and all grades thereof are given in approved form; also instructions or presumption of innocence, reasonable doubt, the credibility

of witnesses, self-defense, accidental homicide and in-structions defining the techinal words used in other in-structions.  The instructions are formed with reference to all the facts in the case and when taken together present the whole case in a way that the jury could not be confused.  (2) As to the remarks of Mr. Moore in his closing argument to the jury it is enough to say that the fact that they appear in the motion for a new trial and by affidavit is no evidence that they appear in the bill of exceptions, nor do they so appear in such bill, the one place where such matters can be presented.  They cannot be preserved in affidavits nor in the motion for new trial. State v. Howard, 118 Mo. 127;  State v. Levy, 126 Mo. 554;  State v. Williams, 147 Mo. 14;  State v. McAfee, 148 Mo. 370;  State v. Williams, 186 Mo. 128;  State v. Feely, 194 Mo. 315;  State v. McGarver, 194 Mo. 740; State v. Valle, 196 Mo. 29;  State v. Brooks, 202 Mo. 106.

HIGBEE, P. J.—The Prosecuting Attorney of Jackson County, on December 8, 1919, filed an information in the criminal court of that county, charging the defendant with the crime of murder in the first degree.  It is alleged that on October 28, 1919, the defendant shot one Fred Reed and that Reed died as a result thereof on November 6th following.  The defendant was formally arraigned and entered a plea of not guilty on the day the information was filed.  The cause was tried at the February term, 1920.  The court submitted the case on instructions defining murder in the first and second degrees, and manslaughter in the third and fourth degrees. The jury found the defendant guilty of manslaughter in the third degree and assessed his punishment at imprisonment in the penitentiary for three years.  Having been sentenced accordingly, the defendant appealed to this court.

In appellant's brief, counsel assign as error the giving of instructions 5 and 6 by the court on its own motion on manslaughter in the third and fourth de-

grees; that the jury found the defendant guilty of a crime unknown to the law; and that the court erred in overruling the demurrer to the evidence, and the motions for new trial and in arrest.

I.   It is said that the information is vague and indefinite, but no flaw is found or specific defect pointed out by counsel in the motions, briefs or argument.   We think the information distinctly charges the defendant with the crime of murder in the first degree, and conforms to all the standards of good pleading.

*Information.*

II.   The court gave 19 instructions for the State on its own motion.   They are unusually clear, definite and comprehensive, covering every phase of the law applicable to the case.   Counsel, in the motion for new trial, brief and argument, fail to specify a single vice in the instructions.   The court also gave some instructions for the defendant, and modified and refused others covered by those given.   No error has been indicated in this respect.   They also requested the court to give further instructions covering every phase of the law involved in the controversy and assign the failure to do this as error.   They do not indicate in the motion the specific point of law on which the court failed to instruct, nor do they do so in their brief or assignment of errors.   This contention, therefore, cannot be considered.   [State v. Gaultney, 242 Mo. 388; 16 C. J. 1055, sec. 2497.]

*All the Law.*

III.   Complaint is also made in the motion for new trial of certain alleged prejudicial remarks of the prosecuting attorney in his argument to the jury, but as they are not preserved in the bill of exceptions they cannot be considered.   They cannot be brought to our attention by affidavits and counter affidavits as was attempted in this case.

*Argument to Jury.*

IV.  Counsel for appellant in their brief complain of the instructions on manslaughter.  They correctly define the offenses of manslaughter in the third and fourth degrees as those offenses were defined in the Revised Statutes of 1909, and need not be set out here.  The contention is that the Act approved May 27, 1919 (Laws 1919, p. 256; Secs. 3236 to 3242, R. S. 1919) abolished all degrees of manslaughter, and that said act, having no emergency clause, became operative ninety days after adjournment of that session, that is, on August 7, 1919, as provided in Section 7062, R. S. 1919.  The Attorney-General, however, has suggested that the act referred to, having been passed at a revising session of the Legislature, became effective November 1, 1919, as provided by Section 7095, Revised Statutes 1919, and, hence, the law of 1909 was in force at the date of the alleged offense and the trial of the defendant was properly had under that law, even though repealed at the time of the trial.  [Sec. 7064, R. S. 1919; Sec. 8063, R. S. 1909; State v. Lewis, 273 Mo. 518, l. c. 535.]

*Manslaughter.*

The Act of May 27, 1919, abolishing all the degrees of manslaughter and fixing the punishment (Sec. 3245) is an original act and not a revision.  There is an apparent conflict between Sections 7062 and 7095, Revised Statutes 1919, as to the time when an act passed at a revising session takes effect.  This identical question was thoroughly considered by this Division in State v. Schenk, 238 Mo. 429.  According to the ruling in that case the act in question, being an original act having no emergency clause, became effective ninety days after the adjournment of the session, that is, on August 7, 1919. [See also State v. Anderson, 252 Mo. 83.]

The court should not have given instructions on manslaughter in the third and fourth degrees, but should have instructed on manslaughter generally as provided in the Act of 1919.  But was defendant prejudiced?

State v. Bird.

The elements of the crimes of manslaughter in the third and fourth degrees as prescribed in the repealed act are embraced in Section 3236, Revised Statutes 1919. There is no complaint of the punishment authorized by the instructions. Section 4078, Revised Statutes 1919, par. 4, authorizes a new trial "when the court has misdirected the jury in a material matter of law." An instruction, however, on manslaughter in the first degree, defin- ing the punishment by imprisonment in the penitentiary at not less than five years as fixed by Section 4469, Revised Statutes 1909, would be in conflict with Section 3245, Revised Statutes 1919, which permits the jury to assess a lighter punishment, and would therefore be prejudicial error. We are unable to see how the defendant was harmed by the giving of these instructions. They could not have misled the jury. It is only where the court has misdirected the jury in a material matter of law that a new trial may be granted. As in civil cases, an erroneous instruction must be prejudicial to warrant the reversal of a judgment.

V.   It is also contended that the jury found the defendant guilty of an offense unknown to the law and therefore the verdict is a nullity. The defendant was convicted of manslaughter. The words "in the third degree" have no meaning or significance. They are useless and may be rejected as surplusage. They do not vitiate the verdict. *Utile per inutile non vitiatur.* [3 Wharton's Criminal Law (10 Ed.) sec. 1689.]

*Verdict: Unknown Offense.*

In Traube v. State, 56 Miss. 153, the rule is thus stated in the head note:

"T. was indicted and tried for murder. The jury rendered the following verdict: 'We, the jury, find the defendant guilty of manslaughter in the second degree.' A motion was made in arrest of judgment, on the ground that the jury did not convict the defendant of any offense known to our laws, there being no degrees of manslaughter in this State. The motion was over-

ruled. The words in the verdict, 'guilty of manslaughter,' were a full and complete finding of the issue submitted, and the court properly treated the superadded words 'in the second degree' as surplusage. If a verdict contains a finding which is not embraced in the issue, or contains words which are without meaning, and, after striking out or disregarding such irresponsive finding or such meaningless words, there still remains a perfect finding responsive to the issue, the verdict should be upheld and judgment pronounced accordingly.''

In Grant v. State, 23 L. R. A. (Fla.) 723, the jury returned a verdict: ''We, the jury, find the defendant guilty of manslaughter in the first degree.'' There were no degrees of manslaughter in that State. It was held that such a verdict was, in legal effect, one of manslaughter. [L. C. 737.] [See, also, State v. Bishop, 231 Mo. 411, 415.]

Referring to the Statute of Jeofails (now Sec. 3908, R. S. 1919), this court, in State v. O'Kelley and Fitch, 258 Mo. 345, 1. c. 351, said:

''Gradually from 1825 our Statute of Jeofails in criminal cases, now Section 5115, Revised Statutes 1909, has been enlarged. Prior to 1879 it was confined to the curing of defects appearing on the face of an indictment. By Section 1821 of the revision of 1879, its curative power was extended so as to heal defects occurring in the proceedings not on the face of the indictment. As thus amended, it provides that the proceedings in a criminal case shall not be held invalid for the errors therein stated, 'nor for any errors committed at the instance or in favor of the defendant; nor because the evidence shows or tends to show him to be guilty of a higher degree of the offense than that of which he is convicted; nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant, upon the merits.' ''

VI.   We have carefully considered the 157 pages of typewritten evidence.  It clearly made a submissible case.  The jury might well have found that the defendant, after having been ordered out of the restaurant where Case for Reed was employed, provoked a quarrel with Jury. him on his own premises, assaulted and beat him over the head with a revolver and, when Reed was fleeing from him, shot him in the back, inflicting a moral wound.  The evidence does not disclose that the verdict was the result of passion or prejudice.  Doubtless the jury considered the defendant's youth and previous good reputation for peace and quiet in mitigation of his offense.  The defendant had a fair trial.

Finding no reversible error in the record, the judgment is affirmed.  All concur.