Clifford Pickett MALONE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55592.

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

**728**

Donald L. Schmidt, Schmidt & Kieffer, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On February 24, 1956, appellant was sentenced to life imprisonment on a jury finding of guilt of murder in the first degree. He then appealed, having counsel therefor, and the conviction was affirmed, State v. Malone, Mo., 301 S.W.2d 750.

Appellant now seeks to vacate the judgment and sentence under Supreme Court Rule 27.26, V.A.M.R. The points he presents are: (I) The court erred in permitting the state to present additional evidence after failing to make findings of fact on the original evidentiary hearing; (II) The court erred in failing to find that appellant was denied effective assistance of counsel at all stages of the trial and was held in jail eleven months before counsel was assigned to defend him; (III) The court erred in refusing to find that appellant did not enjoy the right to a speedy trial, and that his conviction should be set aside; (IV) Appellant was placed in a constitutionally unfair position by the state's refusal to produce material evidence, "The Cigarette Lighter Case" (apparently this refers to a cigarette lighter which was among articles taken from the body of deceased, there being no article taken from his body offered into evidence [301 S.W.2d 758(23)]); (V) The court erred in refusing to set aside the conviction because witnesses who had not been endorsed on the indictment were permitted to testify (this refers, according to the argument of appellant, to the testimony of Dr. Connor who was permitted to testify in lieu of Dr. Byrne, the autopsy pathologist, who was absent at trial).

On March 27, 1969, an evidentiary hearing was held on appellant's amended motion for relief under Rule 27.26. The motion was overruled on April 7, 1969, after which an appeal was perfected to this court in case No. 54,717. On December 10, 1969, an order was entered in the appealed case which recited "that findings of fact and conclusions of law on all issues presented, as required by Supreme Court

Rule 27.26(i), were not made," and that on the basis of the record "it is not possible for this Court to review the case on appeal in the manner provided in Supreme Court Rule 27.26(j)." It was then ordered that the order and judgment of the trial court be "reversed and the cause is remanded for further proceedings in accordance with Rule 27.26, as amended."

The second hearing began February 26, 1970, at which time appellant's counsel orally moved that the evidence be deemed closed and objected to the introduction of any additional evidence. The objection was overruled and the state elicited the testimony of Mr. Joseph Noskay, Attorney-Director of the Public Defender Bureau of the City of St. Louis, who appeared with appellant at arraignment in December, 1954 and entered a plea of not guilty. The testimony of Fred Stuber, Deputy Circuit Clerk, was also given. This related to the record entries of continuances in appellant's case, and that E. Krell was entered as attorney of record on October 17, 1955. Error is claimed in the court's action in reopening the case and receiving the further evidence of the state.

■ Appellant, without citation, argues that the original hearing presented sufficient material issues of fact as would require the court to make findings of fact and conclusions of law, and that the trial court exceeded the directives of this court in permitting the state to present additional evidence. The state argues that the reopening of the case was within the discretion of the court, and, unless abused, the trial court's action will be approved. The state cites State v. Lafferty, Mo., 416 S.W.2d 157, 161 [5], and State v. Haun, Mo., 324 S.W.2d 679, 682 [6, 7], which are to the effect that in the trial of a criminal case it is within the discretion of the court to permit the reopening of a case for presentation of additional evidence. Since here this court reversed the judgment, i. e., vacated it, there was no finality to the proceedings below, and the situation is analogous to that of the Lafferty and Haun cases, supra. Because the trial court's inquiry is directed to getting a true factual picture of a movant's position for the purposes of determining whether relief should be granted under Rule 27.26, it ought not be limited to what movant himself presents as proof. The matter apparently thus stood at the close of the first hearing. This court's order cannot be construed so narrowly as to permit or direct the trial court merely to enter findings of fact and conclusions of law on the evidence presented on the first hearing. It must be held that the trial court had discretion to permit the additional evidence. 5B C.J.S. Appeal & Error § 1973, p. 607. The order of remand here did not state or direct that the case was remanded solely to allow proper findings of fact and conclusions of law. Point I is overruled.

The evidence as to Point II shows this: Appellant was arraigned on the first degree murder charge on December 14, 1954, with the Public Defender as attorney. During all the subsequent court proceedings up to the time Mr. Krell became counsel the records show that the Public Defender appeared as appellant's counsel. After arraignment the cause was continued to January 24, 1955, and at various times thereafter. (See State v. Malone, Mo., 301 S.W.2d 750, 755, overruling appellant's point on the original appeal that he should have been discharged because under the statutes more than three terms of court had expired before trial.) The record refutes appellant's contention that he was without the aid of an attorney until approximately four weeks before trial.

But what appellant is really contending in Point II is that Mr. Krell, his second appointed attorney, was hampered in appellant's defense by the "lateness and urgency of the appointment." The contention in the argument is that the court failed to appoint counsel at a time when witnesses were available (a "pig ear" salesman, one Lewis Campbell, who was a witness to the alleged shooting, died about six weeks before Mr. Krell was appointed). The additional evi-

dence of the state, received at the second hearing on the motion (February 26, 1970), shows that appellant was represented at each time the case was called by the Public Defender up to the time that Mr. Krell was appointed. Appellant suggests that because the record does not show that the Public Defender contacted him after the initial conference, and that there is no record to indicate that the Public Defender investigated or researched the case in preparation for trial, he has thus shown ineffective assistance of counsel.

It is true that the record does not show that the Public Defender prepared the case for trial or contacted appellant in jail after the initial conference and entry of the plea of not guilty. In the situation, however, of where original counsel is replaced by one who actually tried the case, appellant has cited no case holding that any dereliction of duty or ineffectiveness of prior counsel amounts to a deprivation of constitutional rights. He suggests nothing that the Public Defender did or did not do which carried over as to affect the competency of his representation by Mr. Krell, who actually tried the case. The "pig ear" salesman, Lewis Campbell, was available up to the time of his death to whoever tried the case. There is nothing to indicate in any manner whether Campbell's death was due to lingering illness because of which (if known) steps could have been taken by any counsel to preserve his testimony. In these circumstances, the court cannot be faulted for not appointing Mr. Krell six weeks earlier. The death of Campbell, although perhaps unfortunate to appellant's defense, could not as far as is shown be foretold. It is no different than in any case, civil or criminal, where a witness' lips have been sealed by death, and such fact cannot be a denial of the constitutional right to effective assistance of counsel.

■ In State v. Maxwell, Mo., 430 S.W.2d 152, 155, the appellant was represented by the Public Defender prior to trial. There, as here, the records showed that the Public Defender appeared on appellant's behalf at various sessions of court and when continuances were made. Mr. Krell was appointed as counsel in lieu .of the Public Defender on September 30, 1955, and immediately embarked upon a vigorous defense of appellant, first preparing and presenting a lengthy motion and brief to discharge him. The original record of trial shows an effective participation therein by Mr. Krell. The briefs and record on appeal show effective representation, there being forty-three assignments of error presented therein. The case was tried beginning November 21, 1955, seven weeks after counsel's appointment to prepare for trial, such being ample time under State v. Grant, Mo., 380 S.W.2d 799, 803. All of the records and the evidence on this hearing show that appellant was afforded effective assistance of counsel at all stages of the prosecution, and Point II is overruled.

■ By his third point appellant asserts that he was denied a speedy trial. Such allegation was not presented in appellant's Rule 27.26 motion, and cannot be now considered. He did present that he was entitled to be discharged by reason of not having been brought to trial before the end of the second term of court. That matter was ruled on the original appeal, State v. Malone, Mo., 301 S.W.2d 750, 755, and cannot therefore be again considered in this collateral proceeding. Gailes v. State, Mo., 454 S.W.2d 561, 563 [2]. Point III is overruled.

■ In Point IV appellant claims he "was placed in a constitutionally unfair position by the State's refusal to produce material evidence, 'The Cigarette Lighter Case' during the trial on the issues." The matter of appellant's request (made after the state rested) to inspect items, including the cigarette lighter, which were found on deceased was ruled on the original appeal as not being timely made (301 S.W.2d 758 [23] ). If there were a constitutional issue in the request and ruling (so as to show the suppression of evidence favorable to the accused, the situation in State v.

Thompson, Mo., 396 S.W.2d 697), appellant has not established the same. As is clear from the original trial record, and the original opinion, appellant's defense theory was that of an accidental shooting. It was ruled that appellant was not entitled to an instruction on self-defense in view of the testimony on accident. The cigarette lighter, in deceased's pocket, would not relate to the theory of accidental shooting. Point IV is overruled.

■ There was an objection at trial to the testimony of Chief Pathologist, Dr. Connor, on the ground that his name was not endorsed on the indictment. The ground now urged (which was not presented at the trial or on direct appeal) is that appellant's constitutional right of confrontation and cross-examination was effectively eliminated by the trial court's ruling. It developed that Dr. Byrne, who performed the autopsy on deceased, was in the Army at the time of trial, and Dr. Connor was called to identify the autopsy report as a business record. As noted in the original opinion, appellant's counsel had seen the report and, as there ruled, it was not necessary to endorse Dr. Connor's name on the indictment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, cited by appellant, is not in point. That case involved the use in trial of a transcript of testimony of a witness taken during preliminary hearing wherein the defendant had no counsel. Point V is overruled.

None of the findings and conclusions of the trial court on appellant's contentions are clearly erroneous.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.