John Hillary DURHAM, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55610.

Supreme Court of Missouri, Division No. 2.

Dec. 13, 1971.

J. Lloyd Wion, Wion, Burke & Boll, Clayton, for appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant was convicted of the commission of statutory rape and was sentenced to 35 years imprisonment. In this Rule 27.26, V.A.M.R., proceedings he seeks to set aside and vacate his sentence upon three grounds here asserted: That he was twice placed in jeopardy for the same offense; ineffective assistance of counsel in that counsel failed to request an examination by another physician of appellant's own choosing as to his mental competency; and that the court did not (sua sponte) receive a full evidentiary hearing at the trial to determine appellant's mental capacity.

The last two matters were ruled adversely to appellant in the court's finding of fact and conclusions of law. The first matter as to the claim of double jeopardy was not touched upon by the trial court.

Appellant filed a pro se motion in the trial court under Rule 27.26, perhaps imperfectly if not unclearly setting forth his claim of double jeopardy under the Fifth Amendment to the United States Constitution, and the Missouri Constitution, under his "auxiliary" motion: "In State Courts movant was tried four times * * *" [and] "Movant states that each trial was against the Constitution of Missouri and the double jeopardy clause in the 5th Amendment to the Constitution of the United States all which denied him equal protection and due process of the law in the Constitution."

There were three prior trials begun before the one for which appellant stood convicted. The first resulted in the jury being unable to agree, a mistrial was declared, and the jury discharged on May 15, 1964,

according to the court's minutes. In the second, after opening statements of the parties and part of the state's evidence heard, a mistrial was declared and the jury discharged, but with no reason given by the court in its minutes of June 16, 1964. The third trial minutes recite "11–16–64 * * * Defendant present with counsel, examination of jurors on voir dire not completed, trial progresses." "11–17–64 Deft. present with counsel, mistrial declared for reason of death in family of prosecuting witness. Cause returned to Division No. 1. Jury discharged."

On this appeal there remains the issue, undisposed of by the trial court, but asserted here, of appellant's claim of double jeopardy. Appellant presented no evidence in support of that claim. The fact issues of whether or not appellant was twice or more in jeopardy, or whether there was legal justification for the trial court to declare mistrials and order discharges of the jury remain undetermined. The trial court did not comply with Rule 27.26(i) by making findings of fact and conclusions of law on all issues presented.

The case is reversed and remanded for further proceedings in accordance with Rule 27.26, including, if appropriate, the taking of additional evidence. Malone v. State, Mo., 461 S.W.2d 727, 728, 729.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.