Thomas Alexander FIELDS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56694.

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

Robert Frager, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

L. F. COTTEY, Special Judge.

Movant was arraigned on a charge of rape in the Circuit Court of Jackson County on June 8, 1967. On the same day an attorney was appointed to represent him who entered a plea of not guilty on his behalf. Later, after several conferences with his attorney and his parents, movant again appeared in open court and asked leave to withdraw his earlier plea and to enter, in its stead, a plea of guilty to the charge. He consented to an examination under oath at that time touching the motives that prompted his decision. In the course of the inquiry he confessed the crime and the unusually aggravated circumstances of its commission, rejected the risk of a jury's severity in assessing punishment for it, declared his desire to avoid that risk by pleading guilty to the charge, and denied that any promise of lenity had influenced his decision. On that showing, the court accepted the plea as having been voluntarily and understandingly entered, and, in due course, a sentence of fifteen years was pronounced on the strength of it.

Now before us for review, in the familiar routine of these matters, is movant's 27.26, V.A.M.R., motion charging that his conviction was procured through the denial of his constitutional rights. The scope of the motion was expanded by the indulgence of the trial court at the hearing below to include three assignments:

First: That he was denied the assistance of counsel at a lineup in which he was allegedly identified by the victim, contrary to the rule announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149. We will accept that statement as true; but we may not reverse on that ground:

(a) Because, if an identification of movant by his victim was ever made, it was not alluded to in any way at the hearing that resulted in his conviction; hence, no prejudice is shown. And in any event his plea of guilty, if voluntary, "waives all nonjurisdictional defects in

prior proceedings." Turley v. State, Mo. Sup., 439 S.W.2d 521, 525; Rew v. State, Mo.Sup., 472 S.W.2d 611, 613.

(b) The lineup preceded movant's arraignment; it therefore antedated the Wade decision by at least four days. The Wade decision was not retrospective in its application. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Second: That he did not have the effective assistance of counsel; in his words, "I wasn't represented right." Very little refinement is made in the generality of that complaint. The attorney was a graduate of the Law School of the University of Missouri, a practicing lawyer for eleven years, and a member of the criminal staff of the Legal Aid and Defender Society of Greater Kansas City for approximately three years at the time of his assignment to movant's case. He was appointed at the same time to represent two of movant's confederates in the gang rape of the victim, and, through conferences with them and by taking the victim's deposition, he seems to have acquainted himself quite well with the facts of the case and the consequent unlikelihood of a jury's sympathetic approach to it. It may be, as movant says, that his lawyer conferred with him on only three occasions, but it is not suggested that anything could have been learned from further conferences that was not already known. Lawyers, it must be understood, are not clerics; it is not their mission to condole their clients with platitudes and texts or to commiserate with them in otherwise purposeless visits, but to bring them to a sober assessment of the facts and their probable consequences in the case that immediately confronts them. That was counsel's first duty in this case, and he did it well. Nor are we impressed with the argument, advanced for the first time on this appeal, that movant's attorney, by concerning himself with the cases of others implicated in the crime, "thereby neglected defenses pertinent and applicable only to him." No neglected defense is specified, and none occurs to us as a possibility. When four men collaborate in the forcible rape of a girl, and later on the same occasion repeat the offense, it is unlikely that the particulars with respect to one offender's participation in the crime would vary so widely from the others' as to provide a defense "applicable only to him."

Third: That his plea of guilty was induced by his attorney's promise that, as the reward for it, he would receive no more than a ten-year sentence.[1] The attorney denied the making of any such promise. Thus we have a direct conflict in the testimony of the two witnesses who were offered on the subject; and the salutary rule in situations of this kind is that studied and responsible deference will be paid to the manifold advantages the trial judge enjoys in passing on the credibility of those who appear before him to testify. Succinctly stated, "The credibility of the witnesses was for the trial court to determine."[2] Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, 71.

The judgment is affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.

---

1. Commenting on the question, the trial judge observed that movant, by his own admission, was aware that two of his confederates had received sentences of fifteen years on their pleas of guilty at the time he received his own sentence, yet in no way did he indicate that he was expecting more favorable treatment, or that the failure to accord it to him was a betrayal of his confidence.

2. The rule is sometimes more honored in the breach than in the observance; but no precedent for deviation from it goes so far as to persuade us, in this case, that the preference of the experienced trial judge for the attorney's testimony over the repudiated oath of a confessed criminal was "clearly erroneous."