**Gary CAGLE, Movant-Appellant,**

**v.**

**STATE of Missouri, Defendant-Respondent.**

**No. 9514.**

Missouri Court of Appeals,
Springfield District.

July 12, 1974.

Stephen R. Mitchell, Dexter, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for defendant-respondent.

DOUGLAS W. GREENE, Special Judge.

This is an appeal from an order of the Circuit Court of Stoddard County overruling appellant's motion to vacate sentence. We reverse and remand.

On July 12, 1972, appellant was sentenced to seven years imprisonment on a charge of burglary, and three years on a charge of stealing, said sentences to run consecutively. A court-appointed attorney, Elvis Mooney, was present at the time of sentence. Appellant alleges that Mooney was appointed on the spot and that he did not have an opportunity to talk to him prior to sentence. The record does not refute his charges. Appellant had previously been represented by employed counsel, Claude Arnold, who had represented him from prior to the preliminary hearing until the day of sentence. There is nothing in the record to indicate that Arnold had been given leave to withdraw, or that he had been given notice of the date and time of sentencing.

On January 4, 1973, appellant filed a motion to vacate his sentence under Rule 27.26, V.A.M.R. As grounds of error, he alleged that he was denied effective assistance of counsel at the time of sentence in that he was not given the opportunity to consult with his own attorney, Mr. Arnold, who was not present, and was not given time to confer with his court-appointed attorney, Mr. Mooney, who was present, prior to sentencing.

In his motion, appellant requested appointment of counsel, asked for leave to amend his motion after he had been able to confer with counsel, and requested an evidentiary hearing on his factual allegations.

On March 6, 1973, the trial court, without hearing, overruled appellant's motion to vacate, and entered the following order: "The Court finds from an examination of the Motion, files, transcript and records of the case that movant fails to set forth grounds for relief. Movant's motion denied."

This appeal followed. Two grounds are presented for consideration. Appellant argues that the trial court erred as a matter of law in not granting him an evidentiary hearing on the issue of whether or not he was denied effective assistance of counsel at the time of sentencing, and further erred in refusing to appoint counsel who could review his pro se motion, amend it if necessary, and to present the facts and legal issues to the trial court. As a part of his first argument, he contends that the trial court did not make findings of fact and conclusions of law which conclusively show that appellant is entitled to no relief. We agree.

Rule 27.26(e) provides that an evidentiary hearing is not required where " * * * the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief". Subsection (i) requires that "[t]he court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

Here, factual and legal issues were presented in the original motion. It is true that such issues could have been more completely and accurately drawn, but the fact that they were not is no surprise. Appellant only had the benefit of a ninth grade education and does not claim to be a legal scholar.

The trial court had a number of options. He could have appointed counsel to represent the indigent prisoner, could have permitted him to amend the motion, could have granted an evidentiary hearing, or could have made findings of fact or conclusions of law to support the premise that appellant was entitled to no relief on the basis of the issues submitted. The trial court followed none of these courses, but merely recited that the motion, files and records show that appellant failed to set forth grounds for relief.

■ Such a recital is not a finding of facts and conclusions of law as required by Rule 27.26(i), and the failure to make such findings is error requiring remand. State v. McCullough, 493 S.W.2d 353 (Mo.App. 1973). See also Gerberding v. State, 433 S.W.2d 820 (Mo.1968), and Larson v. State, 437 S.W.2d 67 (Mo.1969).

The judgment is reversed and the cause remanded with directions to prepare find-

ings of fact and conclusions of law on all issues presented by appellant in his motion, including his request for appointed counsel, his request to amend his motion after conferring with counsel, and his request for an evidentiary hearing.

We further note that if the trial court, on remand, would wish to appoint counsel to assist the indigent prisoner in amending his motion to show what prejudice, if any, he suffered by his sentencing, in the absence of his own attorney, and to hold an evidentiary hearing on that issue, he has the right, and perhaps the duty (if sufficient factual allegations are or have been made) to do so. Malone v. State 461 S.W.2d 727 (Mo.1971).

For a discussion of some of the problems inherent in cases of this type, see State v. McClanahan, 418 S.W.2d 71 (Mo.1967); State v. Crow, 377 S.W.2d 129 (Mo.1964), and State v. Herron, 376 S.W.2d 192 (Mo. 1964).

HOGAN, C. J., and TITUS and STONE, JJ., concur.

BILLINGS, J., not participating.