**Joe Kenneth BAKER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 35570.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 25, 1975.

Motion for Rehearing or to Transfer to Supreme Court Denied May 19, 1975.

Edward W. Fordyce, Jr., Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City,

**146**

Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

SIMEONE, Presiding Judge.

This is an appeal from an order and judgment of the circuit court of the City of St. Louis, entered July 2, 1973, denying after an evidentiary hearing movant-appellant's motion to vacate sentence filed pursuant to Rule 27.26, V.A.M.R. We affirm.

Movant-appellant, Joe Kenneth Baker, entered a plea of guilty on February 1, 1971, to robbery in the first degree by means of a dangerous and deadly weapon and assault. On April 30, 1971, he was sentenced to eight years on the robbery charge and two years on the assault charge to run concurrently.

On October 12, 1971, Mr. Baker filed his motion to vacate.[1] In his motion he alleged that the sentence should be vacated because: (a) "[m]ovant was ineffectively assisted by counsel in that all of the possible consequences of his guilty plea were not beforehand explained to him"; (b) "movant was ineffectively assisted by counsel in that counsel induced movant's guilty plea through the elements of fear and persuasion" and (c) "movant's guilty plea was involuntarily made in that he was not possessed with legal knowledge and was not advised as to all of the possible consequences of a guilty plea to the charge against him."

On July 26, 1972, movant made a motion to amend his prior motion by seeking to include a paragraph that he was denied effective assistance of counsel for the reason that he did not have available to him a complete, official transcript of the preliminary hearing. He also sought in the motion to amend to subpoena certain court personnel at the preliminary hearing.

The state moved to strike the motion to amend on the ground that the movant was not entitled to a transcript of the preliminary hearing except in cases of homicide. § 544.370, RSMo 1969, V.A.M.S.

At the hearing the parties stipulated that the original motion be in fact amended but that the motion to strike be treated as a motion in response and a motion to quash subpoenas. The assistant circuit attorney urged the court to deny the request for the transcript, since, under the statute and judicial decisions, movant was not entitled to same.

At the evidentiary hearing, movant testified that his fiancee Shirley Baker and his father retained an attorney for him. On October 13, 1970, he was arraigned on the charges for the alleged offenses committed on September 19, 1970. Private counsel was retained in early December, 1970, and the plea was entered February 1, 1971. At the hearing movant testified that he was aware of the charges, that his attorney explained the range of punishment, that he knew a co-defendant received a sentence of life imprisonment, and knowing that "I told him I'd take the eight" after the state had first recommended a ten-year sentence. He further testified that his attorney explained that he would lose his civil rights, although "[h]e didn't explain them, he said I would be losing them." He further testified that he never gave his counsel the names of any witnesses who might be contacted. He testified that it was explained to him that he would have a right to a trial by jury. He did not claim any alibi defense. At the hearing on the motion, certain portions of the plea record were read to movant. At the time of the plea, he admitted that he desired to withdraw his plea of not guilty and desired to plead guilty. At the plea, the facts of the case were explained to the court concerning the alleged robbery and assault. Movant admitted that no one had

---

1. This motion is directed only to the sentence on the robbery charge, since the sentence on the assault charge had expired.

threatened him in order to obtain the plea, that no one promised probation or parole, that he did not claim alibi, that he was entitled to a trial and that he was waiving the right to trial. He was asked if he had discussed the matter with his attorney, and his reply was in the affirmative.

At the evidentiary hearing on his motion, he testified that ". . . I really couldn't say" what consequences of the plea were not explained and that the "fear" was a fear of going to the penitentiary and if he went to trial he was fearful of getting a life sentence.

The retained counsel also testified at the evidentiary hearing. He testified that he explained the nature of the penalty, but didn't believe he explained the loss of civil rights. He made no promises of probation. He did not attempt to obtain a transcript of the preliminary hearing, and did not interview any witnesses. Counsel stated that the movant wanted him to do the best he could by getting either not to serve any time or the least amount of time as possible. ". . . [I]s that your understanding that you were being employed to do? A Yes." Counsel felt then and at the time of the hearing that movant made a wise choice in accepting the plea of guilty.

On February 12, 1973, the court entered an order sustaining the state's motion to strike the movant's motion to amend and "overruled" the movant's motion to amend. But on March 2, 1973, this order was set aside and held for naught. Then on July 2, 1973, the court sustained the motion to amend and made extensive findings of fact and conclusions of law.

The movant appealed. He contends that the trial court erred because (a) counsel failed to "adequately and thoroughly" explain the consequences of his plea of guilty, (b) counsel failed to adequately explain the elements of the offense and investigate the facts, (c) the court precluded movant from amending his motion to obtain the transcript of the preliminary hearing and (d) the court did not make sufficient findings of fact and conclusions of law.

Each of the appellant's contentions is without merit. The record is clear that the appellant was adequately informed of all his rights and that the plea was voluntarily and intelligently made. Appellant contends that he was not adequately informed of the loss of his specific civil rights, including the right to vote and the right to be an executor of an estate.[2] Movant admitted that his attorney informed him he would lose his civil rights but that they were not explained to him.

■ The test is not a particular ritual or whether each and every detail is explained to a defendant but whether in fact the plea is voluntarily and intelligently made. Flood v. State, 476 S.W.2d 529, 534 (Mo.1972). Under this record we have no hesitancy in holding that the trial court was not clearly erroneous in its finding on this issue. There were no threats or promises inducing a plea; he understood he was entitled to a jury trial; he understood the nature of the charge. Although we know of no such requirement, movant admitted that his retained attorney informed him he would lose his civil rights. We know of no rule or decision that the court or an attorney must explain in detail each and every loss of civil rights upon a plea of guilty.[3]

---

2. §§ 111.021 (vote); 452.010 (former cause for divorce); 409.204 (broker); and 473.140 (executor).

3. See United States v. Frontero, 452 F.2d 406, 415 (5th Cir. 1971). "This Court is . . . aware of no precedent . . . for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea . . . . Carrying Kelly's [defendant] argument to its logical conclusion, the court, before accepting a guilty plea, would be required to inform a defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory proc-

Appellant complains that his retained attorney did not investigate the cause "so that a legal opinion with a proper foundation as to appellant's guilt or innocence could be given to appellant, thus preventing appellant from voluntarily and understandingly entering the guilty pleas." Whether counsel is ineffective must be determined under the facts of a particular case.

"The myriad peculiarities inherent in sundry adversary proceedings between the state and accuseds in criminal cases, especially when viewed with an awareness that the desires and capacities of various accuseds are different and that all are distinct and different personalities in their own right, preclude laying down an absolute objective rule for determining the effectiveness of counsel in a given case. . . ." Williams v. State, 508 S.W.2d 211, 213 (Mo.App.1974).

■ Once a guilty plea is entered, a determination of the adequacy of representation is immaterial except as it bears on the issues of voluntariness and understanding. Barylski v. State, 473 S.W.2d 399, 402 (Mo.1971). We have never held that counsel must investigate and interview witnesses in each and every case regardless of the circumstances. The myriad of criminal charges, the peculiarities of each case, the nature of the cause, the desires of the client as well as many other considerations preclude the laying down of an absolute rule. The test is whether the representation of an attorney reaches the level of adequacy so that the plea is voluntarily and understandingly made. Hall v. State, 496 S.W.2d 300, 303 (Mo.App.1973). See Thom-

as v. State, 516 S.W.2d 761, 765 (Mo.App. 1974).

■ We find no inadequacy here. The movant knew that a co-defendant had received a life sentence; movant admitted his guilt; he told his attorney that he wanted him to do the best for him by getting him the least amount of time possible; no witnesses were furnished counsel; he did not claim an alibi defense. Movant informed retained counsel that he wished to plead guilty and did not provide counsel with any witnesses. Under the circumstances, we cannot say in this case that retained counsel who had "hundreds" of criminal cases was ineffective. The adequacy of counsel cannot be measured by the number of visits with the movant. Fields v. State, 484 S.W.2d 208, 210 (Mo.1972); State v. Pedicord, 437 S.W.2d 87, 91 (Mo.1969).

■ The contentions raised by appellant that counsel failed to provide movant with a "well founded legal opinion as to his guilt or innocence" prior to the plea, and that once appellant had made a decision to plead guilty he was entitled to "an evaluation of that decision" are without merit.

■ The court did not err as movant contends in not permitting an amendment of the motion and failing to make sufficient findings. The court in its final order indicated that the motion to amend was *sustained* and the state's motion to quash subpoenas was also sustained. The court stated in its findings that movant stated that he " '. . . believes that the testimony of the two witnesses . . . may tend to show a denial of movant's constitutional rights.' " But the court concluded that

ess for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from unreasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized, and many more. . . ."

There is no requirement that the court explain the accused is entitled to a compe-

tency hearing. Jones v. State, 471 S.W.2d 223, 226 (Mo.1971). The fact that a plea results from a plea bargain does not make the plea involuntary. Rayford v. State, 504 S.W.2d 285, 289 (Mo.App.1973).

A plea to escape a heavier sentence is not involuntary. Goodloe v. State, 486 S.W.2d 430, 432 (Mo.1972).

movant did not assert that his rights have been violated or denied, "nor does he state positively that any such rights were denied." The court concluded that denial of constitutional rights cannot be predicated upon mere speculation. State v. Prigett, 470 S.W.2d 459, 463 (Mo.1971).

Furthermore, there is no requirement that a transcript of a preliminary hearing be provided in this type of case. § 544.370; Rule 23.12; State v. Benison, 415 S.W.2d 773, 775–776 (Mo.1967); State v. McCaine, 460 S.W.2d 618, 620–621 (Mo. 1970).

Finally, appellant alleges that the trial court failed to make sufficient findings of fact and conclusions of law as to all of the issues presented as required by Rule 27.26(i), V.A.M.R., and that such failure necessitates a remand. In support of his claim, appellant cites Durham v. State, 473 S.W.2d 397 (Mo.1971), and Larson v. State, 437 S.W.2d 67 (Mo.1969), which we believe are distinguishable. In *Durham* the trial court's failure to consider one of the grounds asserted in the motion to vacate compelled remand, and in *Larson* the court remanded because the trial court failed to announce any findings or conclusions.

We hold that the findings of fact and conclusions of law required under Rule 27.-26(i) were complete and adequate.

In conclusion, the movant has failed to sustain his burden of proof that his plea was involuntary and that he was denied effective assistance of counsel. We have scrutinized the complete record, read the briefs and authorities cited and are convinced that the trial court's findings of fact and conclusions of law are not clearly erroneous.

The order denying the motion to vacate is affirmed.

McMILLIAN and GUNN, JJ., concur.