Walter TOMICH, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 41970.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1980.

Henry J. Rieke, St. Louis, for movant–appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Jan Bond, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Movant, Walter Tomich, (hereafter "defendant") appeals the denial of his Rule 27.26 motion after an evidentiary hearing. He sought to set aside three concurrent thirty–five year sentences based on pleas of guilty. Two of these motions were on his guilty pleas to rape and sodomy; the third was on his guilty plea to robbery. By his brief, defendant challenges only the rape and sodomy convictions.

■ Defendant now contends in effect that the evidence was insufficient to support the denial of his Rule 27.26 motion. By this approach, defendant would place the burden of proof on the state; it is not. By Rule 27.26(f) defendant had the burden of establishing his grounds for relief by the preponderance of evidence. And, on review, relief is to be held erroneously denied only when the trial court's judgment denying relief is shown to be clearly erroneous. *Coleman v. State*, 542 S.W.2d 53 [1, 2] (Mo. App.1976).

Before reciting defendant's bevy of complaints, we look to the thirteen page guilty plea transcript. Defendant had a prior felony conviction for rape, and while in prison, had earned two years of college credits. His intelligence and knowledge of court procedure were apparent. Under the court's patient questioning defendant acknowledged he had discussed with his lawyer each charge, and his constitutional rights, and believed he was ably represented. Defense counsel confirmed they had thoroughly discussed the guilty plea and defendant's constitutional rights. At the court's request, the prosecutor detailed the expected evidence and defendant acknowledged each recited fact was substantially correct.

■ We turn now to the multiple grounds of defendant's Rule 27.26 motion. His main thrust is that his trial counsel failed to properly investigate and call named alibi witnesses. The alleged rape and sodomy had occurred about 10:30 P.M. Defendant testified he was at his aunt's home for two hours before that time; he then went to a tavern and had a drink, but he did not call the named tavern operator as a witness. Defendant said he next went to his mother's home at 11:20 P.M. Defense counsel explained to defendant his failure to rely on this less–than–solid alibi. He was made aware of initial contrary statements made to the prosecutor by defendant and his wife, saying they had spent the whole evening in question with named friends; the wife confirmed this, in minute detail; later she repudiated her alibi statement. At the evidentiary hearing defense counsel explained his failure to call the suggested alibi witnesses, fearing that could lead to perjury charges. Selection of witnesses is discretionary with trial counsel. Clearly, there was no abuse of that discretion.

By defendant's next point relied on he claims ineffective counsel for failure to file

pre–trial motions to suppress identification testimony, for a continuance and to disqualify the trial judge. In the argument section of defendant's brief he does not pursue this point and we deem it abandoned.

Last, defendant contends his guilty pleas were not voluntarily and intelligently entered because he was not specifically informed of the trial rights of presumption of innocence, a unanimous verdict, the burden of proof, the right to subpoena witnesses, and his right to remain silent.

Defense counsel testified that before the guilty plea hearing he had discussed defendant's constitutional rights with him, and defendant acknowledged this to be so. He does not now claim to have been ignorant of the rights he now asserts.

In *Baker v. State*, 524 S.W.2d 144 [1–3] (Mo.App.1975), where movant contended counsel had failed to adequately explain the consequences of his guilty plea, we held: "The test is not a particular ritual or whether each and every detail is explained to defendant but whether in fact the plea is voluntarily and intelligently made. *Flood v. State*, 476 S.W.2d 529, 534 (Mo.1972). Under this record we have no hesitancy in holding that the trial court was not clearly erroneous in its finding on this issue. There were no threats or promises inducing a plea; he understood he was entitled to a jury trial ... We know of no rule or decision that the court or an attorney must explain in detail each and every loss of civil rights upon a plea of guilty."

Citing *Baker*, in *Cerame v. State*, 584 S.W.2d 174 [4] (Mo.App.1979), the court held that at a guilty plea hearing "perfection and omniscience are not required". *Baker* was followed in *McMahon v. State*, 569 S.W.2d 753 [1–4] (Mo.banc 1978). We deny defendant's point that he was not duly informed of his constitutional trial rights.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.