**Roby HUDSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 44058.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Application to Transfer Denied
Jan. 17, 1983.

---

Scott Richardson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES D. CLEMENS, Senior Judge.

Motion under Rule 27.26 V.A.M.R. denied. Appeal followed.

Movant-defendant Roby Hudson had been found guilty of murdering his paramour's yearling child. He was sentenced to 100 years in prison. The grisly facts were reported in defendant's appeal. See *State v. Hudson,* 521 S.W.2d 43 (Mo.App.1975).

By his motion to vacate defendant claims trial counsel was ineffective in failing to call four relatives as character witnesses. At the motion hearing each said she would have testified defendant was kind to children and had never seen him abuse them.

Well-seasoned trial counsel had purposely failed to call these potential character witnesses. He had explained to defendant this was because their testimony would have let them be cross-examined about knowing of defendant's twenty-one arrests and five felony convictions. True. *State v. Harris,* 622 S.W.2d 330[5] (Mo.App.1981).

Two recent cases compel us to affirm the motion court. See *Tomich v. State,* 607 S.W.2d 811[2] (Mo.App.1980). Also see *Graham v. State,* 605 S.W.2d 535[2, 3] (Mo.App. 1980) holding that whether to call certain defense witnesses is a tactical decision and affords no basis for finding counsel was ineffective.

Since defendant would have been shown to be a persistent offender we cannot fault counsel's decision.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.